IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01558-BNB

DARRICK ALEXANDER,
    Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
    Respondent.

## ORDER TO FILE PRE-ANSWER RESPONSE

As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) filed on June 15, 2012, in this action and pursuant to *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008), the Court has determined that a limited Pre-Answer Response is appropriate.  Respondent is directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Pre-Answer Response limited to addressing whether Applicant is in custody for the purposes of the conviction he is challenging as well as the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  If Respondent does not intend to raise either of these affirmative defenses, Respondent must notify the Court of that decision in the Pre-Answer Response.  Respondent may not file a dispositive motion as the Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Pre-Answer Response, Respondent should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all

documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to his current custody as well as the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.  Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court.

Finally, the court notes that Applicant improperly names as a Respondent an entity he calls District County Court Arapahoe County Colorado.  Because the law is well-established that the only proper respondent to a habeas corpus action is the habeas applicant's custodian, *see* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; and *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995), the caption of this Order does not list the District County Court Arapahoe County Colorado as a Respondent and only lists the Attorney General of the State of Colorado as a Respondent in the capacity of representing counsel for the State of Colorado and Applicant's custodian.  Accordingly, it is

ORDERED that for the purpose of service the only properly named Respondent is the Attorney General of the State of Colorado.  It is

FURTHER ORDERED that **within twenty-one (21) days from the date of this Order** Respondent shall file a Pre-Answer Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the**

**Pre-Answer Response** Applicant may file a Reply, if he desires.  It is

FURTHER ORDERED that if Respondent does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondent must notify the Court of that decision in the Pre-Answer Response.

DATED June 20, 2012, at Denver, Colorado.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge