IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01558-BNB

DARRICK ALEXANDER,

    Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Darrick Alexander, is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility in Buena Vista, Colorado. Mr. Alexander has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). Mr. Alexander alleges in the application that he is challenging the validity of his conviction in Arapahoe County District Court case number 94CR665.

On June 20, 2012, Magistrate Judge Boyd N. Boland ordered Respondent to file a Pre-Answer Response limited to addressing whether Mr. Alexander is in custody for the purposes of the conviction he is challenging and the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondent intends to raise those defenses in this action. On August 9, 2012, Respondent filed a Pre-Answer Response (ECF No. 13). On October 3, 2012, Mr. Alexander filed a reply to the Pre-Answer Response (ECF No. 16).

The Court must construe the application and other papers filed by Mr. Alexander liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Alexander agreed to plead guilty in case number 94CR665 to second degree sexual assault and third degree assault with a sentencing range of four to seven years in prison.  (*See* ECF No. 1 at 5-9.)  On June 16, 1995, Mr. Alexander was sentenced to six and one-half years in prison.  (*See id.* at 71.)  He did not file a direct appeal.

On October 4, 1995, Mr. Alexander filed in the trial court a postconviction motion to reconsider his sentence pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure.  (*See id.* at 13-14.)  On May 15, 1996, the trial court denied the Rule 35(b) motion.  (*See id.* at 18.)

On July 15, 1996, Mr. Alexander filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure seeking to withdraw his guilty plea.  (*See id.* at 19-25.)  It is not clear when, if ever, the trial court ruled on the Rule 35(c) motion.  However, on February 20, 1997, Mr. Alexander filed a notice of appeal to the Colorado Court of Appeals.  (*See id.* at 26-27.)  On April 4, 1997, the Colorado Court of Appeals dismissed the appeal because Mr. Alexander failed to produce a final, appealable order.  (*See* ECF No. 13-1 at 5-6.)  On August 27, 1997, the Colorado Supreme Court denied a petition for writ of mandamus Mr. Alexander filed in that court.  (*See id.*)

After he was advised that he would be required to serve mandatory parole for a

term of five years, Mr. Alexander filed on October 1, 1999, another postconviction Rule 35(c) motion challenging the mandatory parole. (*See* ECF No. 1 at 29-30.) On December 20, 1999, the trial court denied the second Rule 35(c) motion. (*See id.* at 34.) On appeal, the Colorado Court of Appeals reversed the trial court's order, determining that Mr. Alexander was not subject to any term of mandatory parole. *See People v. Alexander*, No. 00CA0686 (Colo. App. Aug. 9, 2001) (ECF No. 1 at 36-39). According to Respondent, Mr. Alexander fully discharged his sentence in 94CR665 on July 24, 2001. Mr. Alexander does not disagree, and he does not argue that he still is serving a sentence pursuant to his conviction in 94CR665.

Mr. Alexander currently is incarcerated as the result of a conviction in a 2007 Denver District Court case. The parties agree that Mr. Alexander's conviction in 94CR665, the conviction he purportedly is challenging in this action, was used to enhance the sentence he currently is serving.

Mr. Alexander filed the instant action on June 15, 2012. He asserts four claims for relief. He claims first that his guilty plea in 94CR665 was unknowing and involuntary. He alleges in his second claim that he was denied due process in 94CR665 because the arrest warrant was defective; he was not advised properly; the plea agreement was based on an illegal sentence; the trial court failed to follow proper procedures regarding restitution; and the prosecution failed to comply with discovery requests. Mr. Alexander alleges in his third claim that counsel in 94CR665 was ineffective because counsel recommended he waive speedy trial and a preliminary hearing; failed to request an evidentiary hearing; advised Mr. Alexander to plead guilty despite his protests that he did not want to plead guilty; coerced Mr. Alexander to plead

guilty by threatening that he would receive a sentence of forty-eight years if he went to trial; failed to research and investigate the case; failed to challenge the validity of the arrest warrant; withheld pertinent discovery information from Mr. Alexander; allowed Mr. Alexander to accept an illegal plea agreement; and failed to advise Mr. Alexander regarding the consequences of accepting the plea agreement.  Mr. Alexander alleges in his fourth claim, which is repetitive of his prior claims, that counsel's ineffectiveness in 94CR665 led him to plead guilty to an illegal sentence for a crime he did not commit.

Respondent asserts in the Pre-Answer Response that the instant action should be dismissed because Mr. Alexander is not in custody for the purposes of his conviction in 94CR665, the application is barred by the one-year limitation period, and Mr. Alexander's claims are unexhausted and procedurally barred.  The Court first will address the custody requirement.

The Court has jurisdiction to entertain an application for habeas relief pursuant to 28 U.S.C. § 2254 only from an applicant who is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Furthermore, the custody requirement is jurisdictional. *See McCormick v. Kline*, 572 F.3d 841, 848 (10th Cir. 2009).  Thus, a prisoner seeking habeas corpus relief must be in custody pursuant to the conviction or sentence under attack at the time the habeas corpus application is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Finally, it is Mr. Alexander's burden to establish that the custody requirement is satisfied. *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (stating that defendant filing

motion under 28 U.S.C. § 2255 bears the burden of demonstrating jurisdiction by affirmatively alleging he is in custody).

As noted above, Mr. Alexander asserts that he is challenging the validity of his conviction in 94CR665, which was used to enhance his current sentence. However, because Mr. Alexander does not dispute the fact that he has completed the sentence imposed in 94CR665, he no longer is in custody with respect to that conviction and may not challenge it directly. *See Maleng*, 490 U.S. at 491 ("In this case, the Court of Appeals held that a habeas petitioner may be 'in custody' under a conviction whose sentence has fully expired at the time his petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction. We think that this interpretation stretches the language 'in custody' too far."); *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001).

Mr. Alexander also asserts that he is in custody because the sentence he currently is serving was enhanced by his prior conviction in 94CR665. Respondents concede that Mr. Alexander can satisfy the "in custody" requirement if the application can be construed as asserting a challenge to Mr. Alexander's current sentence. *See Lackawanna*, 532 U.S. at 401-02. However, Respondents maintain that there is no indication in the application that Mr. Alexander is challenging the validity of his current sentence.

The Court agrees that Mr. Alexander explicitly states in the application that he is challenging in this action the validity of his conviction in 94CR665. (*See* ECF No. 1 at 2.) Furthermore, Mr. Alexander states in his reply to the Pre-Answer Response that "[t]he basis of the applicant's petition in this case is not to attack his current conviction,

but to attack his 1994 case which was used in his current case to aggravate his current conviction." (ECF No. 16 at 2.) However, Mr. Alexander also argues in his reply, with a citation to *Lackawanna*, that he satisfies the custody requirement because his conviction in 94CR665 was used to enhance his current sentence. (*See id.*) Despite this apparent contradiction, it appears that the application can be construed as asserting a challenge to Mr. Alexander's current conviction and sentence. So construed, Mr. Alexander satisfies the custody requirement. *See Lackawanna*, 532 U.S. at 401-02.

However, the fact that the application can be construed to satisfy the custody requirement does not mean that Mr. Alexander properly may challenge the validity of his prior conviction in this action.

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna*, 532 U.S. at 403-04 (internal citation omitted). Therefore, unless an exception to this general rule applies, the instant action must be dismissed even if Mr. Alexander satisfies the custody requirement.

There are two exceptions to the general rule in *Lackawanna*. First, the general rule does not apply to "§ 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained when there was a failure to appoint counsel in violation of the Sixth Amendment." *Id.* at 404. The second exception applies to "cases in which a petitioner has, through no fault of his

6

own, no means of obtaining timely review of a constitutional claim." *McCormick*, 527 F.3d at 851 (internal quotation marks omitted).  Examples of the second exception include a state court refusing without justification to rule on a properly presented constitutional claim and a defendant who obtains compelling evidence of actual innocence after the time for direct or collateral review has expired that could not have been uncovered in a timely manner.  *See Lackawanna*, 532 U.S. at 405.

Mr. Alexander is not claiming that there was a failure to appoint counsel in 94CR665, and there is no indication that he is asserting any constitutional claims for which, through no fault of his own, he was unable to obtain timely review.  However, the Court declines to decide whether any exception to *Lackawanna* applies for two reasons.  First, because the Court has construed the application liberally as raising claims challenging the validity of Mr. Alexander's current sentence that was enhanced by his conviction in 94CR665, a ruling on the merits of those claims would affect adversely Mr. Alexander's ability to file any subsequent federal habeas corpus action challenging the validity of his current conviction or sentence.  Second, it is clear that Mr. Alexander has not exhausted state remedies for his claims challenging the validity of the enhanced sentence he currently is serving and "[c]rucial to the *Lackawanna* exceptions is the requirement that '[a]s with any § 2254 petition,' a petitioner seeking to invoke the exceptions 'must satisfy the procedural prerequisites for relief[,] including, for example, exhaustion of remedies.'"  *McCormick*, 572 F.3d at 851 (quoting *Lackawanna*, 532 U.S. at 404) (alterations in original).

Respondent asserts, and Mr. Alexander does not dispute, that his direct appeal from his current conviction remains pending in the Colorado Court of Appeals.  As

evidence of this fact Respondent has provided the Court with a copy of a motion for extension of time to file an opening brief on appeal that was filed in Mr. Alexander's direct appeal from his current conviction in July 2012. (*See* ECF No. 13-5.) Because Mr. Alexander's direct appeal has not been resolved, it is apparent that he has not fairly presented to the state's highest court any claims challenging the validity of his current conviction or sentence. *See Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (discussing exhaustion requirement). In any event, Mr. Alexander fails to demonstrate or even allege that he has exhausted state remedies for his claims challenging the enhanced sentence he currently is serving. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (noting that a state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies). Therefore, the instant action, which the Court has construed liberally as challenging the validity of Mr. Alexander's current sentence that was enhanced by his conviction in 94CR665, will be dismissed without prejudice for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the

action is dismissed without prejudice for failure to exhaust state remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  10th  day of    October    , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court